UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**DOUGLAS DIETZ and SARAH DIETZ,**
on behalf of their minor child, M.D.,

    **Plaintiffs,**

v.                                                                No. 2:24-cv-02865-TLP-tmp

**GERMANTOWN MUNICIPAL SCHOOL
DISTRICT,**

    **Defendant.**

---

## ANSWER

---

The Defendant, Germantown Board of Education (incorrectly referred to in the Complaint as "Germantown Municipal School District" and hereinafter collectively "GBOE"), pursuant to Fed. R. Civ. P. 12, submits the following Answer to the Complaint.

### FIRST DEFENSE

The Complaint fails to state a plausible claim upon which relief can be granted and, therefore, should be dismissed with prejudice.

### SECOND DEFENSE

Referring in particular to the numbered paragraphs of the Complaint, GBOE states the following:

1.     The allegations contained in paragraph 1 of the Complaint constitute legal conclusions or argument to which no response is required. To the extent that a response is deemed to be necessary, Defendant GBOE denies that any decisions

made with respect to M.D. violated the two federal statutes referenced in paragraph 1.

2. The allegations contained in paragraph 2 of the Complaint constitute legal conclusions or argument to which no response is required. To the extent that a response is deemed to be necessary, Defendant GBOE denies that any decisions made with respect to M.D. are contrary to the decision of the Supreme Court referenced in paragraph 2.

3. The allegations contained in paragraph 3 of the Complaint constitute legal conclusions or argument to which no response is required. To the extent that a response is deemed to be necessary, Defendant GBOE denies that any decisions made with respect to M.D. violated his rights and denies that M.D. has been denied a public education by it.

4. Defendant GBOE admits that M.D. is a resident of Shelby County, Tennessee; admits that he has a disability that substantially limits some major life activities; admits that he was enrolled at Dogwood Elementary School for several years until Plaintiffs chose to disenroll him during the 2024-25 Fall semester; denies that any decisions made with respect to M.D. violated his constitutional rights; denies that M.D. has been denied a public education by it; and denies all remaining allegations set forth in paragraph 4.

5. Denied as stated. Defendant GBOE admits that M.D. had an Individualized Education Plan with an accompanying Individual Health Plan while he was enrolled at Dogwood Elementary prior to such time as Plaintiffs chose to disenroll him. All remaining allegations set forth in paragraph 5 are denied, and Defendant GBOE

2

      demands strict proof thereof if its rights or interests are to be affected adversely thereby.

6.      Admitted.

7.      Denied as stated. Defendant GBOE admits that the Board Counsel's address is the same as the Germantown Board of Education.

8.      The allegations set forth in the first sentence of paragraph 8 are admitted. The remaining allegations contained in paragraph 8 of the Complaint constitute legal conclusions or argument to which no response is required. To the extent that a response is deemed to be necessary, Defendant GBOE denies that any decisions made with respect to M.D. violated the two federal statutes referenced in paragraph 8.

9.      The allegations contained in paragraph 9 of the Complaint constitute legal conclusions or argument to which no response is required. To the extent that a response is deemed to be necessary, Defendant GBOE denies that it deprived M.D. of any Constitutional rights.

10.     While denying that it has violated Plaintiffs' rights or that Plaintiffs have a cause of action against it, Defendant GBOE admits that this Honorable Court has subject matter jurisdiction.

11.     While denying that it has violated Plaintiffs' rights or that Plaintiffs have a cause of action against it, Defendant GBOE admits that venue is proper.

12.     Defendant GBOE admits that M.D. is nine years old; that he has a twin brother; that he has two younger siblings; that M.D.'s twin brother and one of his younger siblings were enrolled at Dogwood Elementary School with M.D. before Plaintiffs

disenrolled M.D.; and that M.D. has disabilities. All remaining allegations set forth in paragraph 12 are denied, and Defendant GBOE demands strict proof thereof if its rights or interests are to be adversely affected thereby.

13. Defendant GBOE admits that M.D. has disabilities and admits that some of his symptoms are included in his medical records that have been provided to it. To the extent that any symptom set forth in paragraph 13 of the Complaint is not included in said medical records, Defendant GBOE denies the remaining allegations set forth in paragraph 13.

14. Defendant GBOE admits that M.D. has an Individualized Healthcare Plan; that said Plan includes information regarding his conditions; and admits that it complies with said Plan. All remaining allegations set forth in paragraph 12 are denied, and Defendant GBOE demands strict proof thereof if its rights or interests are to be adversely affected thereby.

15. The allegations set forth in the first sentence are denied. The remaining allegations set forth in paragraph 15 constitute legal conclusions or argument to which no response is required. To the extent that a response is deemed to be necessary, Defendant GBOE denies same to make issue.

16. Defendant GBOE admits that M.D. has an IEP and that it complies with said Plan.

17. Defendant GBOE is without knowledge or information as to the frequency of M.D.'s medical appointments or Plaintiffs' observations of M.D.'s symptoms while not in school and, therefore, denies same to make issue.

18. Defendant GBOE admits that part of M.D's day during the current school year was spent in a functional skills classroom before Plaintiffs disenrolled him; admits that

        a teacher did send home sheets providing information about M.D's progress and events that took place; but is without information or knowledge sufficient to admit or deny the allegations regarding Plaintiffs' observations of M.D. outside of school and, therefore, denies same to make issue. All remaining allegations set forth in paragraph 18 are denied, and Defendant GBOE demands strict proof thereof if its rights or interests are to be adversely affected thereby.

19.    The first sentence set forth in paragraph 19 constitutes a legal conclusion or argument to which no response is required. To the extent that a response should be deemed necessary, Defendant GBOE denies said allegations to make issue. All remaining allegations set forth in paragraph 19 are denied, and Defendant GBOE demands strict proof thereof if its rights or interests are to be adversely affected thereby.

20.    The allegations set forth in the first sentence of paragraph 20 constitute legal conclusions or arguments to which no response is required. To the extent that a response should be deemed necessary, Defendant GBOE denies that any teacher failed to note a seizure; admits that seizures and aggressive behavior were noted; and admits that, when M.D. wet himself, his clothing was changed and the wet clothes were sent home in a bag. Defendant GBOE is without knowledge or information as to Plaintiffs' thought processes sufficient to admit or deny said allegations and, therefore, denies same to make issue. Defendant GBOE denies that its teachers were unable to correctly identify seizure activity.

21. Defendant GBOE is without knowledge or information as to the thought processes of Plaintiffs or M.D.'s doctors sufficient to admit or deny said allegations and, therefore, denies the allegations set forth in paragraph 21.

22. The allegations set forth in paragraph 22 constitute legal conclusions or arguments to which no response is required. To the extent that a response should be deemed necessary, Defendant GBOE denies same to make issue.

23. Defendant GBOE admits that the publication cited in paragraph 23 contains the language selectively referenced, but denies any suggestion that Defendant GBOE violated the ADA.

24. The allegations set forth in paragraph 24 constitute legal conclusions or arguments to which no response is required. To the extent that a response should be deemed necessary, Defendant GBOE denies same to make issue.

25. Upon information and belief, Defendant GBOE admits that Plaintiffs purchased a dog named Herbie. Defendant GBOE is without knowledge or information sufficient to admit or deny the remaining allegations set forth in paragraph 25 of the Complaint and, therefore, denies same to make issue.

26. The allegations set forth in the first sentence of paragraph 26 are admitted. Defendant GBOE is without knowledge or information sufficient to admit or deny the remaining allegations set forth in paragraph 26 of the Complaint and, therefore, denies same to make issue.

27. Defendant GBOE is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 27 of the Complaint. For that reason, and

based upon Herbie's behavior while at Dogwood Elementary, Defendant GBOE denies said allegations.

28. Defendant GBOE is without knowledge or information regarding any training given to Herbie sufficient to admit or deny the allegations set forth in paragraph 28 of the Complaint. For that reason, and based upon Herbie's behavior while at Dogwood Elementary, Defendant GBOE denies said allegations.

29. Denied as stated. Defendant GBOE admits that M.D. uses an AAC, but denies that he is nonverbal.

30. Defendant GBOE admits that M.D. had difficulty controlling Herbie, including controlling him by leash. Defendant GBOE is without knowledge or information sufficient to admit or deny the remaining allegations set forth in paragraph 30 of the Complaint and, therefore, denies same to make issue.

31. Defendant GBOE admits that M.D. was 8 years old while in the second grade during the Spring of 2024; admits that it allowed Herbie to accompany M.D. in the second grade; admits that it allowed Herbie to accompany M.D. during the summer of 2024 before M.D. had surgery; and admits that it allowed Herbie to accompany M.D. to school in the third grade until the latter part of September, 2024 after alerting Plaintiffs to the fact that Herbie was not under control at school; that the dog was not house-broken; that M.D. had hit and kicked Herbie, pulled his tail, poked him in the eye, and threw items at Herbie; and that Herbie posed a threat to M.D. and others.

32. Defendant GBOE admits that it has a policy regarding service animals; admits that the language set forth in paragraph 32 is contained in the policy; and denies any suggestion that its policy violates the ADA.

33. Denied as written. Defendant GBOE admits that Herbie defecated inside the school and that Plaintiffs agreed to come to the school each day to take Herbie outside for a bathroom break.

34. Denied as written. Defendant GBOE admits that Plaintiffs had previously provided a training packet and e-mails and texts explaining what Herbie was allegedly trained to do, all of which had been provided to all staff members who worked with M.D. Defendant GBOE admits that, after Plaintiffs had been advised of the problems experienced with Herbie and that Herbie was no longer welcome at Dogwood Elementary, Plaintiffs offered additional "training" for School Staff, which was unnecessary and was not a reasonable accommodation under the circumstances presented herein.

35. The allegations in the first sentence of paragraph 35 are admitted. The allegations in the third sentence of paragraph 35 are denied. Defendant GBOE is without knowledge or information regarding Plaintiffs' thought processes as to M.D's attendance being "not as regular" or what is meant by "much feedback" sufficient to admit or deny the remaining allegations in paragraph 35 and, therefore, denies same to make issue.

36. The allegations set forth in the first sentence of paragraph 36 are admitted. The remaining allegations set forth in paragraph 36 constitute legal conclusions or

arguments to which no response is required. To the extent that a response should be deemed necessary, Defendant GBOE denies same to make issue.

37. Defendant GBOE admits that it alerted Plaintiffs to multiple incidents where Herbie did not act as Plaintiffs represented he had been trained to act, along with incidents in which M.D. engaged in aggressive behavior towards Herbie, including pulling Herbie's tail; hitting and kicking Herbie; poking Herbie in the eyes; and throwing items at Herbie.

38. Defendant GBOE admits that the allegations set forth in paragraph 38 contain some of the incidents that were reported to Plaintiffs during August and September, 2024.

39. Defendant GBOE is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 39 of the Complaint and, therefore, denies same to make issue.

40. Denied as written. Defendant GBOE admits that Plaintiffs had previously provided a training packet and e-mails and texts explaining what Herbie was allegedly trained to do, all of which had been provided to all staff members who worked with M.D.

41. Denied as written. Defendant GBOE admits that Plaintiffs had previously provided a training packet and e-mails and texts explaining what Herbie was allegedly trained to do and how Herbie alerted others as to seizures, all of which had been provided to all staff members who worked with M.D. Thus, any additional training was unnecessary and was not a reasonable accommodation under the circumstances presented herein. All remaining allegations set forth in paragraph 41 of the

        Complaint are denied, and Defendant GBOE demands strict proof thereof if its rights or interests are to be affected adversely thereby.

42.    Denied as written. Defendant GBOE admits that Plaintiffs were alerted to numerous instances of unaccepted behavior by Herbie that are not set forth in the allegations in paragraph 42 of the Complaint. The remaining allegations set forth in paragraph 42 constitute legal conclusions or arguments to which no response is required. To the extent that a response should be deemed necessary, Defendant GBOE denies same to make issue.

43.    Denied as written. Defendant GBOE admits that, after M.D. turned up the sound on the AAC device to the point that it was disruptive, which was before M.D. brought Herbie to school, the volume was adjusted and this was discussed with Plaintiffs and M.D.'s teacher and it was agreed that the volume would be adjusted to a normal speaking voice volume. Defendant GBOE denies any suggestion that it was unwilling to work with Plaintiffs to address the problems related to Herbie. All remaining allegations set forth in paragraph 43 of the Complaint are denied, and Defendant GBOE demands strict proof thereof if its rights or interests are to be affected adversely thereby.

44.    Denied as written, including footnote 7. Defendant GBOE admits that Plaintiffs had previously provided a training packet and e-mails and texts explaining what Herbie was allegedly trained to do, all of which had been provided to all staff members who worked with M.D. Additionally, Plaintiff were able to observe Herbie at school daily when they came to take him on bathroom breaks. Defendant GBOE denies any suggestion that it was unwilling to work with Plaintiffs to address the problems

        related to Herbie. All remaining allegations set forth in paragraph 44 of the Complaint are denied, and Defendant GBOE demands strict proof thereof if its rights or interests are to be affected adversely thereby.

45. The allegations in the first sentence of paragraph 45 are denied. Defendant GBOE lacks sufficient knowledge or information sufficient to admit or deny the allegations set forth in the second sentence of paragraph 45 and, therefore, denies same to make issue. The third sentence set forth in paragraph 45 of the Complaint constitutes legal conclusions or arguments to which no response is required. To the extent that a response should be deemed necessary, Defendant GBOE denies same to make issue.

46. Defendant GBOE admits that, after the problems relating to Herbie had not improved after being permitted into the school for approximately six months, Principal Woody met with Plaintiffs on September 18, 2024 and advised them that, although service dogs are welcome at Dogwood Elementary School, Herbie was no longer welcome there.

47. Defendant GBOE is without information or knowledge as to Plaintiffs' thought process related to sending an e-mail to "clarify" what had had been discussed on September 18, 2024 and in other conversations with Plaintiffs and which was the subject of five weekly reports sufficient to admit or deny said allegations, but admits that Ms. Woody sent the September 23, 2024 e-mail included in Exhibit D.

48. Defendant GBOE is without information or knowledge as to Plaintiffs' thought process related to sending another e-mail to "clarify" what had been discussed on September 18, 2024 and in other conversations with Plaintiff and which was the

subject of five weekly reports sufficient to admit or deny said allegations, but admits that Ms. Woody sent the October 1, 2024 e-mail included in Exhibit D.

49. The allegations set forth in paragraph 49 constitute legal conclusions or arguments to which no response is required. To the extent that a response should be deemed necessary, Defendant GBOE avers that, based upon its observations, Herbie did not act as Plaintiffs represented that he had been trained to act; that he was not house broken; that Herbie was not under control; that Herbie posed a danger to M.D. and others; and that Herbie was also being hit and kicked by M.D., in addition to having his tail pulled, his eyes poked, and items thrown at him by M.D.

50. The allegations set forth in paragraph 50 constitute legal conclusions or arguments to which no response is required. To the extent that a response should be deemed necessary, Defendant GBOE is without knowledge or information as to Plaintiffs' thought processes sufficient to admit or deny said allegations, but denies that Plaintiffs explained that they disenrolled M.D. for the reasons set forth in paragraph 50 of the Complaint.

51. The allegations set forth in the first sentence of paragraph 51 of the Complaint are admitted. The remaining allegations set forth in paragraph 51 of the Complaint are denied.

52. The allegations contained in paragraph 52 of the Complaint, and each subsection thereof, are denied.

53. Defendant GBOE reasserts the denials and defenses asserted in the preceding paragraphs as if set forth verbatim herein.

54. Defendant GBOE admits that the statute cited in paragraph 54 contains the cited language, but denies that any right Plaintiffs may have thereunder was violated.

55. Defendant GBOE admits that the regulation cited in paragraph 55 addresses the referenced topic, but denies that any right Plaintiffs may have thereunder was violated.

56. Defendant GBOE admits that the regulation cited in paragraph 56 addresses the referenced topic, but denies that any right Plaintiffs may have thereunder was violated.

57. Defendant GBOE admits that the statute cited in paragraph 57 contains the cited language, but denies that any right Plaintiffs may have thereunder was violated.

58. Defendant GBOE admits that the statute cited in paragraph 58 contains the cited language, but denies that any right Plaintiffs may have thereunder was violated.

59. Defendant GBOE admits that the statute cited in paragraph 59 contains the cited language, but denies that any right Plaintiffs may have thereunder was violated.

60. Defendant GBOE admits that the statute cited in paragraph 60 contains the cited language, but denies that any right Plaintiffs may have thereunder was violated.

61. Defendant GBOE admits that M.D. has some disabilities.

62. Defendant GBOE admits that some of M.D.'s disabilities affect his ability to engage in some major life activities.

63. Admitted.

64. Admitted.

65. Defendant GBOE admits that M.D. attended Dogwood Elementary for several years and received educational services until Plaintiffs disenrolled him.

66. Admitted.

67. Admitted.

68. Admitted.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Defendant GBOE reasserts the denials and defenses asserted in the preceding paragraphs as if set forth verbatim herein.

76. Defendant GBOE admits that the statute cited in paragraph 76 addresses the cited topics, but denies that any right Plaintiffs may have thereunder was violated; denies that M.D. was denied a public education; and further denies that the decision that Herbie could no longer accompany M.D. to Dogwood Elementary School was based upon M.D.'s disability.

77. Defendant GBOE admits that the regulation cited in paragraph 77 addresses the cited topics, but denies that any right Plaintiffs may have thereunder was violated; denies that M.D. was denied a public education; and further denies that the decision that Herbie could no longer accompany M.D. to Dogwood Elementary School was based upon M.D.'s disability.

78. Defendant GBOE admits that the regulation cited in paragraph 78 addresses the cited topic, but denies that any right Plaintiffs may have thereunder was violated.

79. Defendant GBOE admits that the regulation cited in paragraph 79 addresses the cited topics, but denies that any right Plaintiffs may have thereunder was violated.

80. Defendant GBOE admits that the regulation cited in paragraph 80 addresses the cited topic, but denies that any right Plaintiffs may have thereunder was violated.

81. Defendant GBOE admits that M.D. has some disabilities.

82. Defendant GBOE admits that some of M.D.'s disabilities affect his ability to engage in some major life activities.

83. Admitted.

84. Defendant GBOE admits that M.D. was eligible to receive services from the Germantown Municipal School District and that he did receive such services for several years until Plaintiffs disenrolled him.

85. Defendant GBOE admits that it is governed by the ADA and denies that it discriminated against M.D. based upon his disability.

86. Denied.

87. Denied.

88. Defendant GBOE admits that the statute cited in paragraph 88 addresses the cited topic, but denies that any right Plaintiffs may have thereunder was violated.

89. Defendant GBOE admits that the regulation cited in paragraph 89 addresses the cited topic, but denies that any right Plaintiffs may have thereunder was violated.

90. The allegations set forth in paragraph 90 constitute legal conclusions or arguments to which no response is required. To the extent that a response should be deemed necessary, Defendant GBOE denies said allegations and avers that, based upon its observations, Herbie did not act as Plaintiffs represented that he had been trained

to act; that Herbie was not house-broken; that Herbie was not under control; that Herbie posed a direct threat to the health and safety of M.D. and others; and that Herbie was also being hit and kicked by M.D., in addition to having his tail pulled, his eyes poked, and items thrown at him by M.D.

91. Defendant GBOE admits that Plaintiffs represented Herbie to be a service animal; but denies that it was required to allow Herbie to continue to accompany M.D. to Dogwood Elementary where, as here, Herbie did not act as Plaintiffs represented he had been trained; that Herbie was not under control; that Herbie was not housebroken; that Herbie posed a direct threat to the health and safety of M.D. and others; and that Herbie was also being hit and kicked by M.D., in addition to having his tail pulled, his eyes poked, and items thrown at him by M.D.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Defendant GBOE reasserts the denials and defenses asserted in the preceding paragraphs as if set forth verbatim herein.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Defendants deny that Plaintiff is entitled to the relief sought in the Complaint and in their Prayer for Relief.

103. Any allegation not heretofore admitted, denied, or explained herein is here and now denied.

### THIRD DEFENSE

Plaintiffs have not established all elements necessary to support ADA or Section 504 claims, nor have they established all elements necessary to support a claim for injunctive relief.

### FOURTH DEFENSE

The decision to no longer allow Herbie to accompany M.D. to Dogwood Elementary School was not because of M.D.'s disability but, rather, was due to Defendant's concerns about Herbie.

### FIFTH DEFENSE

The decision to no longer allow Herbie to accompany M.D. to Dogwood Elementary School did not exclude M.D. from participating in and receiving the benefits of a public education at Dogwood Elementary School.

### SIXTH DEFENSE

Defendant GBOE worked with Plaintiffs in good faith, without malice or intent to contravene any of Plaintiffs' rights and, in fact, contravened no such rights, to allow Herbie to accompany M.D. to school; made reasonable accommodations to Plaintiffs; and the decision to no longer allow Herbie to accompany M.D. to school was made only after it was clear that Herbie did not act as Plaintiffs represented that he had been trained to act; that Herbie was out of control; that Herbie was not house-broken; that Herbie's continued presence at Dogwood Elementary School

17

would fundamentally alter the nature of the services provided by the school; that Herbie posed a direct threat to the health and safety of M.D. and others; and that Herbie was also being hit and kicked by M.D., in addition to having his tail pulled, his eyes poked, and items thrown at him by M.D.

### SEVENTH DEFENSE

Defendant GBOE was not required to accommodate Plaintiffs by continuing to allow Herbie to accompany M.D. to Dogwood Elementary School where, as here, Herbie was out of control; where his continued presence would fundamentally alter the nature of the services provided by the school; where Herbie was not house-broken; where Herbie posed a direct threat to the health and safety of M.D. and other; and where Herbie was also being hit and kicked by M.D., in addition to having his tail pulled, his eyes poked, at items thrown at him by M.D., as such accommodation was not reasonable.

### EIGHTH DEFENSE

Plaintiffs' requested accommodations to require GBOE to accept an unqualified service animal and make GBOE employees undergo additional training that was unnecessary; and their requested accommodations to make GBOE employees responsible for the care or supervision of Herbie are contrary to 28 C.F.R. § 35.136 and are not reasonable accommodations.

### NINTH DEFENSE

Plaintiffs have failed to mitigate their damages, if any.

### TENTH DEFENSE

Plaintiffs failed to exhaust their administrative remedies.

**ELEVENTH DEFENSE**

Pleading further and in the alternative, Plaintiffs fail to state a plausible claim for prospective injunctive relief because they have not pleaded any factual allegations demonstrating that they lack an adequate remedy at law for their alleged injuries and damages or showing a substantial and immediate risk of irreparable harm to M.D. by the decision not to allow Herbie to continue to accompany M.D. to Dogwood Elementary School under the circumstances presented herein. The allegations of the Complaint reveal Plaintiffs' basis for prospective injunctive relief is purely speculative and conjectural.

**WHEREFORE, HAVING FULLY ANSWERED**, Defendant GBOE denies that it is liable to Plaintiffs in any respect and respectfully requests that this Honorable Court dismiss this action with prejudice; assess the costs of this cause against Plaintiffs; award Defendant its costs, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, incurred in defending this action; and grant Defendant such other and further relief to which the Court deems it is entitled.

Respectfully submitted,

HARRIS SHELTON HANOVER WALSH, PLLC

s/Edward J. McKenney, Jr.
Edward J. McKenney, Jr., #5380
William L. Brantley #38403
6060 Primacy Parkway, Suite 100
Memphis, Tennessee 38119
(901) 525-1455 Telephone
emckenney@harrisshelton.com  E-mail
wbrantley@harrisshelton.com  E-mail

s/Valerie B. Speakman
Valerie B. Speakman, #014670
3350 Forest Hill Irene Road
Germantown, Tennessee 38138
Telephone: 901-756-2307
Valerie.Speakman@gmsdk12.org E-mail
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Answer was served by electronic means via the Court's electronic filing system to Janet H. Goode, 917 Cooper Street, Memphis, Tennessee 38104, and Michael F. Braun, 5016 Centennial Blvd, Ste. 200, Nashville, Tennessee 37209, Attorneys for Plaintiffs herein, on this 7th day of January, 2025.

s/ Edward J. McKenney, Jr.
Edward J. McKenney, Jr.
